UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREG WINSLOW,                          :
                                       :CIVIL ACTION NO. 3:18-CV-1094
        Plaintiff,                     :
                                       :(JUDGE CONABOY)
        v.                             :
                                       :
PROGRESSIVE SPECIALTY INSURANCE        :
COMPANY, INC., d/b/a PROGRESSIVE       :
DRIVE INSRUANCE,                       :
                                       :
        Defendant.                     :
                                       :

_____

**MEMORANDUM**

Here the Court considers the motion to remand filed by

Plaintiff on June 8, 2016.[1]  (Doc. 8.)  Plaintiff's motion is based

on his assertion that removal was improper because the amount in

controversy does not exceed $75,000 and the face of the Complaint

illustrates that the amount in controversy is $14,500.  (Doc. 8 at

5-6; Doc. 13 at 8.)  In its Brief in Opposition to Plaintiff's

Motion to Remand (Doc. 14) filed on June 29, 2018, Defendant

responds that the matter was properly removed because a reasonable

reading of the Complaint establishes the amount in controversy

exceeds $75,000 when attorneys' fees, interest, costs, and the

_____

   [1]  Because Plaintiff's motion is contained in a document
titled "Answer, Objections and the Motion to Remand this Action to
State Court of the Plaintiffs" (Doc. 8), the motion does not
comport with the requirements of the Local Rules of Court of the
Middle District of Pennsylvania which specify that each motion is
to be filed as a separate document and must contain a certification
regarding concurrence.  L.R. 5.1(h), 7.1.  Notwithstanding these
deficiencies, the Court considers the motion as filed and waives
the separate document rule and the need for concurrence
certification for this filing only.

amount of punitive damages are considered. (*Id.* at 3-5.) With his reply brief filed on July 11, 2018, Plaintiff agrees that the amount in controversy in this case is properly determined by a reasonable reading of the complaint but asserts Defendant is incorrect that the amount in controversy here exceeds $75,000 and Defendant has not shown that punitive damages would lead to an award exceeding $75,000. (Doc. 15 at 2, 6.) Therefore, Plaintiff avers that *Batdoff v. State Farm Insurance Co.*, 977 F.3d 843 (3d Cir. 1992), requires remand because "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" (Doc. 15 at 6-7 (quoting *Batdoff*, 977 F.2d 848).) For the reasons discussed below, the Court concludes Plaintiff's motion to remand (Doc. 8) is properly denied.

## I. Discussion

In determining whether this Court should exercise removal jurisdiction, we are guided by well-recognized general principles. The defendant's right to remove pursuant to 28 U.S.C. § 1441 is to be determined from the plaintiff's pleading at the time of the petition for removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (citations omitted). The defendant bears the burden of showing that federal jurisdiction is proper. *Id.* at 540. "[T]he removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 29 (3d Cir. 1985). 28 U.S.C. § 1447

2

mandates remand where the District Court lacks subject matter jurisdiction.

Removal based on diversity grounds requires that 28 U.S.C. § 1332's diversity of citizenship requirement is met and the amount in controversy exceeds $75,000. 28 U.S.C. § 1441(a); 28 U.S.C. § 1332(a). While the general federal rule is to decide the amount in controversy from the complaint itself, when punitive damages are sought, a court may include them in the amount in controversy unless the demand is "patently frivolous and without foundation." *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004). "Punitive damage claims are *per se* patently frivolous and without foundation if they are unavailable as a matter of state substantive law." *Id.* (citations and internal quotation omitted). In *Golden*, the court explained that "[i]f appropriately made, . . . a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Id.*

Defendant states that "[d]istrict courts within the Third Circuit have specifically held that where a plaintiff asserts a claim for punitive damages for insurance bad faith, punitive damages should in included when calculating the amount in controversy." (Doc. 14 at 6 (citing *Denicola v. Progressive Direct Ins. Co.*, 2009 WL 1684640 (M.D. Pa. 2009); *Webb v. Discover Prop. &*

3

*Cas. Ins. Co.*, 2008 WL 5047800 (M.D. Pa. 2008)).) As noted above, Defendant maintains that the amount in controversy requirement is met here because Plaintiff is seeking "compensatory damages consisting of collision coverage benefits 'in a sum in excess of $14,500.00,'" punitive damages (which are available under Pennsylvania law if Defendant has acted in bad faith), attorneys' fees, interest, and costs. (Doc. 14 at 8.) Regarding estimation of the amount in controversy, Defendant cites several district court cases including two where jurisdiction was retained based on asserted compensatory damages of $14,000-$15,000 as well as the plaintiffs' requests for attorney fees and punitive damages. (Doc. 14 at 6-8 (citing *Stehle-Rosellini v. Allstate Corp.*, 2010 WL 358519 (W.D. Pa. Jan. 25, 2010); *Harvey v. U.S. Life Ins. Co.*, 2008 WL 2805608, at *2 (E.D. Pa. July 18, 2008)).)

Plaintiff does not refute authority supporting the inclusion of punitive damages in the amount in controversy but rather disputes that the amount of total damages in controversy here exceeds $75,000. (Doc. 13 at 8.) Plaintiff does not provide factual support for the assertion but points to Defendant's motion to dismiss Plaintiff's bad faith claim as reason to grant the motion to remand. (*Id.*)

The Court concludes that because punitive damages are available with Plaintiff's bad faith claim and this motion to remand must be decided before the Court exercises jurisdiction over

4

the case and Defendant's motion to dismiss, punitive damages are properly considered in determining whether the amount in controversy requirement is met for removal purposes.  The Court further concludes that relevant authority reviewed above supports a determination that the amount in controversy in this case exceeds the statutory minimum based on Plaintiff's request for compensatory damages, punitive damages, attorneys' fees, interest, and costs (*see* Doc. 1-1 at 8, 10, 11).

## **II. Conclusion**

For the reasons discussed above, Plaintiff's motion to remand (Doc. 8) is denied.  An appropriate Order is filed simultaneously with this Memorandum.

                              S/Richard P. Conaboy
                              RICHARD P. CONABOY
                              United States District Judge

DATED: July 24, 2018