IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREG WINSLOW,** | : |
| | :**CIVIL ACTION NO. 3:18-CV-1094** |
| **Plaintiff,** | : |
| | :**(Judge Sylvia H. Rambo)** |
| **v.** | : |
| | : |
| **PROGRESSIVE SPECIALTY** | : |
| **INSURANCE COMPANY, INC.,** | : |
| **d/b/a PROGRESSIVE DRIVE** | : |
| **INSURANCE,** | : |
| | : |
| **Defendant.** | : |
| | : |

_____

## **MEMORANDUM**

Here the Court considers Defendant's Motion to Dismiss (Doc. 5) which seeks

dismissal of five of the six counts contained in Plaintiff's Complaint (Doc. 1-1).  The

action arises from a dispute between Plaintiff Greg Winslow ("Winslow" "Plaintiff")

and Defendant Progressive Specialty Insurance Company, Inc., d/b/a Progressive

Drive Insurance ("Progressive" "Defendant") regarding a claim for collision benefits

under Winslow's policy with Progressive.  (Doc. 1-1.)  In his Complaint, Winslow

asserted claims for breach of contract, bad faith, fraud and misrepresentation,

declaratory judgment, specific performance, and unjust enrichment.  (*Id.* at 6-13.)

## **I. Background**

Winslow was insured by Progressive when he was involved in an automobile

accident on April 4, 2016. (Doc. 1-1 ¶ 6.) He alleges that he was operating his Volkswagen Jetta when another vehicle forced him from the road and caused his vehicle to strike a telephone pole, resulting in the total loss of the vehicle. (*Id.* ¶¶ 3, 6.) Winslow submitted a claim to Progressive for the damage to his vehicle. (*Id.* ¶ 7.) Progressive denied the claim on April 12, 2016. (*Id.* ¶ 10; Doc. 6 at 3.)

Winslow filed his Complaint in the Court of Common Pleas of Luzerne County on March 8, 2018. (Doc. 1-1.) Progressive removed the case to this Court on May 25, 2018. (Doc. 1.) After Progressive filed the pending Motion to Dismiss and supporting brief on June 1, 2018 (Docs. 5, 6), Plaintiff filed a motion to remand and motion to stay proceedings pending resolution of the motion to remand (Docs. 8, 9). The Court granted the motion to stay by Order of June 15, 2015. (Doc. 11.) On July 24, 2018, the Court denied the motion to remand and lifted the stay of proceedings. (Docs. 16, 17.) Plaintiff filed his opposition brief to the Motion to Dismiss on August 7, 2018. (Doc. 19.) Defendant did not file a reply brief and the time for doing so has passed. Therefore, this matter is ripe for disposition.

With the pending motion, Progressive argues that all but the breach of contract claim must be dismissed because Winslow does not allege facts to support his other claims. (Doc. 6 at 4.) Winslow maintains that all claims are properly pled. (Doc. 19 at 7.) Progressive also maintains that Plaintiff's request for attorney fees in his breach

of contract claim must be stricken.  (Doc. 6 at 19.)  Winslow does not respond to this argument.

## II. Discussion

### A.    *Motion to Dismiss Standard*[1]

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the reviewing court may dismiss a complaint for "failure to state a claim upon which relief may be granted." Detailed pleading is not required—"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give fair notice of what the . . . claim is and the grounds upon which it rests,' *Conley v. Gibson*, 355 U.S. 41, 47 . . . (1957)."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Court noted that, although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555).  *Iqbal* also reiterated the *Twombly* guidance that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

---

[1]  Winslow maintains that the current motion should be converted to a motion for summary judgment because Progressive relies on facts and representations that are not of record.  (Doc. 19 at 5.)  Progressive did not file a reply brief and, therefore, did not reply to this argument.  The "facts and representations" referenced related to Winslow's claims for insurance bad faith and fraud.  (*Id.*) Given Progressive's failure to reply to this assertion and the fact that the parties argued alternatively under Rule 12(b)(6) standards (Doc. 6 at 6-12, 14-15; Doc. 19 at 13-14, 16-22), the Court will consider the motion under Rule 12(b)(6) and, in so doing, base any determination only on facts of record and permissible inferences.

elements of a cause of action will not do.' 550 U.S. at 555 . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' *Id.* at 557." 556 U.S. at 678.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." [*Twombly*, 550 U.S.] at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S. Ct. 1955 (brackets omitted).

556 U.S. at 678.

Pursuant to *Twombly* and *Iqbal*, the Court of Appeals for the Third Circuit set out three steps required of a court reviewing the sufficiency of a claim in *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumptions of truth." *Id.* at 679, 129 S.Ct. 1937. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of

> truth." (citation and editorial remarks omitted)). Finally,
> "[w]hen there are well-pleaded factual allegations, [the]
> court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement to
> relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

809 F.3d at 787. Importantly, a Plaintiff is not required to establish the elements of a *prima facie* case–"the post-*Twombly* pleading standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Connelly*, 809 F.3d at 789 (quoting *Twombly*, 550 U.S. at 556); *see also Phillips v. City of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).

Finally, the district court must extend the plaintiff an opportunity to amend before dismissing a complaint unless amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## B. *Defendant's Motion*

As noted above, Progressive seeks dismissal of all counts contained in Winslow's Complaint except Count I for Breach of Contract. (Doc. 5 ¶¶ 6-18.) Progressive also moves to strike Winslow's claim for attorney fees related to his breach of contract claim. (*Id.* ¶¶ 19-20.)

## 1. **Bad Faith**

Progressive first contends that the Complaint fails to assert sufficient factual allegations to support Winslow's statutory bad faith claim. (Doc. 6 at 6.) Winslow

avers that his Complaint adequately states a claim for bad faith.  (Doc. 19 at 13.)  The Court concludes Winslow has not pled sufficient facts to proceed pursuant to 42 Pa. C.S. § 8371.

An action for bad faith in Pennsylvania is governed by 42 Pa. C.S. § 8371 which provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. C.S. § 8371.

The statute does not define what constitutes bad faith but Pennsylvania courts, the Third Circuit Court of Appeals, and decisions from district courts within the Third Circuit provide ample guidance.  "The term 'bad faith' under section 8371 concerns 'the duty of good faith and fair dealing in the parties' contract and the manner in which an insurer discharged . . . its obligation to pay of a loss in the first party claim context.'"  *Berg v. Nationwide Mut. Ins. Co., Inc.*, No. 12 MDA 2008, 44 A.3d 1164, 1176 (Pa. Super. 2012) (quoting *Toy v. Metrolpolitan Life Ins. Co.*, 928 A.2d 186, 199

6

(Pa. 2007)) (alteration in original). A panel of the Court of Appeals for the Third

Circuit summarized the relevant framework for considering an insurance bad faith

claim under Pennsylvania law in *Treadways LLC v. Travelers Indem. Co.*, 467 F.

App'x 143 (3d Cir. 2012) (not precedential).

> "Bad faith" under Pennsylvania's bad faith statute–-42
> Pa. Const. Stat. § 8371, which provides a remedy in an action
> under an insurance policy–-is defined as "any frivolous or
> unfounded refusal to pay proceeds of a policy." *J.C. Penney
> Life Ins. Co. v. Pilosi*, 393 F.3d 356, 367 (3d Cir. 2004)
> (quoting *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649
> A.2d 680, 688 (Pa. Super. Ct. 1994)). A valid cause of action
> for bad faith requires "clear and convincing evidence . . . that
> the insurer: (1) did not have a reasonable basis for denying
> benefits under the policy; and (2) knew or recklessly
> disregarded its lack of a reasonable basis in denying the claim."
> *Id.* Under the "clear and convincing" standard, "the plaintiff
> [must] show 'that the evidence is so clear, direct, weighty and
> convincing as to enable a clear conviction, without hesitation,
> about whether or nor the defendants acted in bad faith.'" *Id.*
> (quoting *Bostick v. ITT Hartford Grp., Inc.*, 56 F. Supp. 2d 580,
> 587 (E.D. Pa. 1999)). Though we have found that bad faith
> may be found in circumstances other than an insurer's refusal to
> pay, "[a] reasonable basis is all that is required to defeat a claim
> of bad faith." *Id. See also Frog, Switch & Mfg. Co. V.
> Travelers Ins. Co.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999).

*Treadways*, 467 F. App'x at 146-47.

The Pennsylvania Superior Court has observed that "[b]ad faith claims are fact

specific and depend on the conduct of the insurer *vis a` vis* the insured." *Condio v.

Erie Ins. Exchange*, 899 A.2d 1136, 1143 (Pa. Super. 2006) (citing *Williams v.*

*Nationwide Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. 2000)).  Bad faith is not restricted to an insurer's denial of benefits and includes a wide variety of objectionable conduct including lack of good faith investigation and failure to communicate with a client. *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 500-01 (Pa. Super. 2004) (listing cases). Negligence or bad judgment do not constitute bad faith.  *Id.* at 501 (citing *Adamski v. Allstate Ins. Co.*, 738 A.2d 1033, 1036 (Pa. Super. 1999)).  "To support a finding of bad faith, the insurer's conduct must be such as to 'import a dishonest purpose.'  In other words, the plaintiff must show that the insurer breached its duty of good faith through some motive of self-interest or ill will."  *Id.* (quoting *Adamski*, 738 A.2d at 1036).  At the pleading stage, the plaintiff must plead specific facts and provide details supporting allegations of bad faith.  *Smith v. State Farm Mut. Ins. Co.*, 305 F. App'x 133, 136 (3d Cir. 2012) (not precedential).

In his Complaint, Winslow supports his bad faith claim with several allegations, including the following: Defendant has no evidence that the vehicle damage did not occur as reported by Plaintiff; Defendant has no evidence that the damage did not occur in such a way as is covered under the terms of the insurance contract and/or applicable endorsements; Defendant has no reasonable and sufficient basis for its conclusion that the damage to the Plaintiff's property is not a covered loss under the insurance contract; and Defendant acted in bad faith when it denied Plaintiff's claim.

8

(Doc. 1-1 ¶¶ 26-29.) Winslow also alleges that Progressive's conduct constitutes bad faith in that Progressive:

      a.     Failed to promptly and reasonably respond to Plaintiff's demands for prompt payment of Plaintiff's insurance claims after Defendant had been provided with loss documentation that clearly established that immediate payment of such insurance benefits was justifiable and warranted;

      b.     Unreasonably and vexatiously delayed payment of insurance benefits to the Plaintiff when it was clear that immediate payment of the insurance policy benefits was justified and warranted;

      c.     Failed to make a reasonable settlement offer or payment to the Plaintiff, thereby compelling Plaintiff to institute the instant action and incur additional costs to recover those benefits rightly due to him;

      d.     Failed and/or refused to pay the full amount of Plaintiff's insurance policy benefits and damages without a reasonable foundation to do so;

      e.     Forced Plaintiff to unnecessarily incur significant debt by failing to promptly pay insurance policy benefits that were rightly to him;

      f.     Failed to adopt and implement reasonable standards for the prompt investigation and payment of insurance policy benefits arising out of Plaintiff's insurance contract;

      g.     Failed to pay Plaintiff's insurance policy benefits and claims within a reasonable time after supporting loss documentation had been provided

to defendant;

h.      Failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's insurance policy benefits and claims even though there was no issue as to Defendant's liability for the insurance policy benefits;

i.      Failed to exercise the utmost good faith and discharge of its statutory and contractual duties to Plaintiff; and

j.      Engaged in unfair claims settlement and insurance practices in violation of common law and Defendant's statutory obligations.

(Doc. 1-1 ¶¶ 26-30.)

As recently explained in *Rickell v. USAA Casualty Insurance Co.*, Civ. A. No. 1:18-CV-1279, 2018 WL 5809865 (Nov. 6, 2018), averments similar to those reviewed above have been held to be conclusory: "[Allegations that Insurer] failed 'to properly investigate and evaluate Plaintiff's . . . claim' and that 'defendant knew or recklessly disregarded the fact that it had no reasonable basis for its above conduct' are conclusory statements and recitations of the elements of the claim that need not be accepted as true." *Id.* at 3 (quoting *Allen v. State Farm Mut. Auto Ins. Co.*, No. 14-CV-7367, 2015 WL 1072968, at *3 (E.D. Pa. Mar. 12, 2015)). *Rickell* further explained that averments regarding handling of a claim after receipt "are conclusory without additional factual support that would inform the court why Defendant[']s

actions are unreasonable." *Id.* at *3 (citing *Reidi v. GEICO Cas. Co.*, No. 16-cv-6139, 2017 WL 1326318, at *3 ("There are no facts showing how GEICO lacked a reasonable basis for its decision to not pay [underinsured motorist] benefits. . . . [Thus,] the complaint fails to state a plausible bad faith claim."); *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017) (holding that allegations that "Defendant engaged 'in dilatory and abusive claims handling' but providing no examples of how Defendant handled Plaintiff's claim" are legal conclusions); *Smith v. State Farm*, 506 F. App'x at 136 (holding that allegations that the defendant insurer had "engaged in unfair settlement negotiations," "misrepresented facts" about the plaintiff's insurance policy, and "failed to properly investigate" the plaintiff's underinsured motorist claim were legal conclusions)).

Winslow phrased the averments allegedly supporting his bad faith claim only in general terms. (Doc. 1-1 ¶¶ 26-30.) He does not provide the needed factual support that would inform the court *why* the actions or inactions were unreasonable. See *Rickell*, 2018 WL 5809865, at *2-3. Without such support, the Court cannot conclude Winslow has adequately pled a claim for bad faith pursuant to 42 Pa. C.S. § 8371. Similarly, in his responsive brief, Winslow states that he "has pled facts in great detail, and has not merely asserted 'labels and conclusions,'" but he does not point to any supporting facts. (Doc. 19 at 14.) He also makes a statement regarding what he

thinks the evidence will show without elaboration on evidence that would likely be in his control. (Doc. 19 at 14.) Therefore, Progressive's Motion to Dismiss the bad faith claim is properly granted. However, because the Court does not find that amendment would be inequitable or futile, the Court will allow Winslow an opportunity to amend this claim. *Grayson*, 293 F.3d at 108.

## 2. Fraud and Misrepresentation

Progressive moves to dismiss Count III of Winslow's Complaint for fraud and misrepresentation on several bases: Winslow has not pled fraud with the requisite specificity; he has not pled facts to establish that he justifiably relied on any fraudulent conduct of Progressive; and the claim is barred by the gist of the action doctrine. (Doc. 6 at 14-16.) Winslow responds that he has pled sufficient facts for Count III to proceed and the claim for fraud and misrepresentation is not barred by the gist of the action. (Doc. 19 at 16.) The Court concludes Count III is properly dismissed for the reasons discussed below.

The federal pleading standard for fraud is found in Federal Rule of Civil Procedure 9(b): "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

Under Pennsylvania law, the elements of fraudulent misrepresentation

(sometimes referred to as intentional misrepresentation, *Schnell v. Bank of New York Mellon*, 828 F. Supp. 2d 798, 804-05 (E.D. Pa. 2011)) are:

> (1) A representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.

*Weston v. Northampton Personal Care, Inc.*, 62 A.3d 947, 960 (Pa. Super. 2013) (citing *Heritage Surveyors & Eng'rs, Inc. v. Nat'l Penn Bank*, 801 A.2d 1248, 1250-51 (Pa. Super. 2002)).

The Pennsylvania Superior Court reiterated the requirements of a claim for negligent misrepresentation in *Miliken v. Jacono*, 60 A.3d 133, 141 (Pa. Super. 2012).[2]

> Negligent misrepresentation requires proof of: (1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation. The elements of negligent misrepresentation differ from intentional misrepresentation in that the misrepresentation must concern a material fact and the speaker need not know his or her words are untrue, but must have failed to make a reasonable investigation of

---

[2]    In his responsive brief Winslow identifies fraud and negligent representation in his argument related to Count III. (Doc. 19 at 16-17.)

> the truth of these words. Moreover, like any action in
> negligence, there must be a duty owed by one party to
> another.

*Id.* (quoting *Heritage Surveyors & Engineers, Inc. v. National Penn Bank*, 801 A.2d 1248, 1252 (Pa. Super. 2002)).

In Count III of his Complaint, Winslow avers that "Defendant has marketed itself as a company which its insured could rely on for prompt and fair evaluation and prompt payment of claims." (Doc. 1-1 ¶ 33.) He further avers that "Defendant represents the above image to its insureds, and represented that image to Plaintiff in order to induce Red Mansion, LLC to purchase insurance with Defendant."[3] (*Id.* ¶ 34.) Winslow contends that he relied on these representations and purchased insurance from Progressive based on that reliance and inducement; when Progressive made the representations, they were false; and he suffered financial loss as a result, both in the form of premiums paid and for the product and service which was not provided when he needed it. (*Id.* ¶¶ 35-37.)

Progessive argues that Winslow's allegations are vague, he fails to identify any misrepresentation with particularity, and he fails to allege how he relied on Progressive's conduct. (Doc. 6 at 15.) Winslow counters with the repeated broad assertion that his Complaint lays out specific facts sufficient to survive Progressive's

---

[3] The "Red Mansion, LLC" reference appears to be a cut and paste error as Greg Winslow is the only Plaintiff identified in the Complaint. (Doc. 1-1 ¶ 1.)

motion on these claims. (Doc. 19 at 17-20.) He does not identify the allegations he deems supportive nor cite to any portion of his Complaint. (*Id.*)

As set out above, Winslow must plead fraud with particularity. Fed. R. Civ. P. 9(b). He certainly has not done so here nor has he satisfied general federal pleading requirements discussed, *see supra* pp. 2-4. The statements regarding how Progressive marketed itself are vague and conclusory as are the statements about Plaintiff's reliance on the marketing, his inducement to purchase insurance from Progressive, and the falsity of representations. (Doc. 1-1 ¶¶ 33-36.) Such statements do not satisfy the relevant pleading standard. *Iqbal*, 556 U.S. at 675. Winslow's incorporation of certain elements of the claims at issue in his conclusory assertions are unavailing in that recitation of the elements of a claim are not entitled to the assumption of truth for pleading purposes. *Burtch,* 662 F.3d at 224; *see also Rickell*, 2018 WL5809865, at *2. Therefore, Progressive's Motion to Dismiss Winslow's claims for fraud and misrepresentation is properly granted.

Because of the inadequate pleading of the fraud and misrepresentation claims, the viability of those claims under gist of the action doctrine is moot. However, as a general matter, the Court notes that an attempt by Winslow to raise a tort claim based ultimately on Progressive's failure to properly evaluate and pay his claim (*see*, *e.g.*, Doc. 1-1 ¶¶ 16-23, 33-37) would be evaluated pursuant to Pennsylvania law on the

issue.  The Pennsylvania Supreme Court expressly adopted the gist of the action

doctrine in *Bruno v. Erie Ins. Co.*, 106 A.3d 48 (Pa. 2014), and described it in the

following manner:

> The general governing principle which can be derived
> from our prior cases is that our Court has consistently
> regarded the nature of the duty alleged to have been
> breached, as established by the underlying averments
> supporting the claim in a plaintiff's complaint, to be the
> critical determinative factor in determining whether the
> claim is truly one in tort, or for breach of contract. In this
> regard, the substance of the allegations comprising a
> claim in a plaintiff's complaint are of paramount
> importance, and, thus, the mere labeling by the plaintiff
> of a claim as being in tort, *e.g.*, for negligence, is not
> controlling. If the facts of a particular claim establish that
> the duty breached is one created by the parties by the
> terms of their contract—*i.e.*, a specific promise to do
> something that a party would not ordinarily have been
> obligated to do but for the existence of the contract—then
> the claim is to be viewed as one for breach of contract. If,
> however, the facts establish that the claim involves the
> defendant's violation of a broader social duty owed to all
> individuals, which is imposed by the law of torts and,
> hence, exists regardless of the contract, then it must be
> regarded as a tort.

*Id.* at 68-69 (internal citations omitted).

Insofar as Winslow points to his inducement to purchase a contract of insurance

from Progressive in his Complaint (Doc. 1-1 ¶¶ 33-35), the Court further notes that

"Pennsylvania state and federal courts have reached different conclusions about

whether the gist of the action doctrine applies to fraudulent inducement claims."

*Downs v. Astrue*, 639 F. App'x 816, 820 (3d Cir. 2016) (not precedential) (comparing *Sullivan v. Chartwell Inv. Partners, LP*, 873 A.2d 710, 719 (Pa. Super. 2005), with *Vives v. Rodriguez*, 849 F. Supp. 2d 507, 518-20 (E.D. Pa. 2012)); (citing *Wen v. Willis*, 117 F. Supp. 3d 673, 681 (E.D. Pa. 2015)).[4]

While amendment is unlikely to cure the pleading and gist of the action considerations reviewed above, in an abundance of caution, the Court will allow Plaintiff the opportunity to amend his fraud and misrepresentation claims.

**3.    Declaratory Judgment**

Progressive contends that the claim for declaratory judgment, Count IV of the Complaint, should be dismissed because it is unnecessarily duplicative of the breach of contract claim.  (Doc. 6 at 16.)  Winslow responds that the Court should not abstain from considering the claim based on Progressive's assertion that it is duplicative. (Doc. 19 at 12.)  The Court concludes Plaintiff's claim for declaratory judgment should be dismissed.

"[T]he federal rules respecting declaratory judgment actions apply in diversity cases." *Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 352 (3d Cir. 1986).

---

[4]    *Downs* ultimately determined that the plaintiff's primary basis for alleging that fraudulent activity induced the contract was the fact that the notes at issue were not delivered in accordance with the contract rather than a failure to fulfill a separate societal duty.  639 F. App'x at 820.

Under the Declaratory Judgment Act "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). The United States Supreme Court has declared that "[d]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). The Court further explained that the Declaratory Judgement Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Id.* at 287 (internal quotations and citations omitted).

As noted recently in *Brugler v. Unum Group and Provident Life and Accident Ins. Co.*, Civ. A. No. 4:15-CV-1031, 2018 WL 5734680 (M.D. Pa. Nov. 2, 2018), pursuant to discretionay declaratory judgment authority, district courts have dismissed declaratory judgment claims at the motion to dismiss stage when they duplicate breach of contract claims within the same action. *Id.* at *2 n.12 (citing *Morris v. American Nat. Ins. Corp.*, Civ. A. No. 4:13-CV-2236, 2015 WL 4092393, at *8 n.7 (M.D. Pa. July 7, 2015); *Smithkline Beecham Corp. v. Continental Ins. Co.*, Civ. A. No. 04-2252, 2004 WL 1773713, at *2 (E.D. Pa. Aug. 4, 2004); *Landau v. Viridian Energy*

18

*PA LLC*, 223 F. Supp. 3d 401, 421-22 (E.D. Pa. 2016)). *Brugler* explained that these cases show the courts' concerns about "redundant litigation when plaintiffs' declaratory judgment claims raise the same issues and seek the same relief as in their breach of contract claims." 2018 WL 5734680, at *2 n.12.

With his declaratory judgment claim, Winslow first requests a determination of his "rights, obligations, and coverages under the subject policy." (Doc. 1-1 ¶ 39.) He further seeks "a declaration that the insurance policy provides full insurance coverage for all damages to the insured's property, and loss of use." (*Id.* ¶ 40.) His "Wherefore" clause requests "a Declaration and/or Judgment that the subject policy provides full insurance coverage for the damages suffered to the Plaintiff's insured premises." (*Id.* at 12.) With his breach of contract claim, Winslow seeks relief based on Progressive's failure to provide benefits under the policy in accordance with the contract for all the damages he was legally entitled to recover for the insured loss that occurred on April 4, 2016. (Doc. 1-1 ¶¶ 17-18.) The "Wherefore" clause seeks damages accordingly. (*Id.* at 8.)

As argued by Progressive, Winslow alleges in both the breach of contract and declaratory judgment claims that he is owed insurance benefits and coverage for the damage to his vehicle. (Doc. 6 at 16.) In his responsive brief, Winslow states that he "highlights the differences between the Breach of Contract claim and the Declaratory

Judgment action," (Doc. 19 at 12), but the Court finds no such discussion in the section of his brief addressing the issue. As the Court independently finds no such distinction in comparing the claims as set out in Plaintiff's Complaint (Doc. 1-1), Defendant's motion to dismiss Plaintiff's claim for declaratory judgment is properly granted. Further, the Court concludes that leave to amend this claim is not appropriate because amendment would be futile. *Grayson*, 293 F.3d at 108.

## 4.   __Specific Performance__

Progressive asserts that Winslow's claim for specific performance, Count V of his Complaint, should be dismissed because specific performance does not apply to claims for monetary damages. (Doc. 6 at 17.) Winslow responds that he has set out sufficient facts to support a cause of action for specific performance. The Court concludes dismissal of this claim is appropriate.

As summarized in *Oliver v. Ball*, 136 A.3d 162 (Pa. Super. 2006),

> a request for specific performance is an appeal to the court's equitable powers. *See Lackner v. Glosser,* 892 A.2d 21, 31 (Pa.Super.2006). Specific performance generally is described as the surrender of a thing in itself, because that thing is unique and thus incapable—by its nature—of duplication. *See Cimina v. Bronich,* 517 Pa. 378, 537 A.2d 1355, 1357 (1988). "A decree of specific performance is not a matter of right, but of grace." *Barnes v. McKellar,* 434 Pa.Super. 597, 644 A.2d 770, 776 (1994) (citation omitted), *appeal denied,* 539 Pa. 663, 652 A.2d 834 (1994). Such a decree will be granted only if a plaintiff clearly is entitled to such relief, there is

no adequate remedy at law, and the trial court believes that justice requires such a decree. *Id.*

136 A.3d at 166.

Winslow does not respond to Progressive's argument that specific performance is not applicable to claims for monetary damages (Doc. 6 at 17 (citing *Oliver*, 136 A.2d 162)), although his quoted material notes the distinction between specific performance and money damages. (Doc. 19 at 22 (quoting *Goldman v. McShain*, 247 A.2d 455 (Pa. 1968)). Winslow cites no authority supporting the proposition that specific performance applies to money damages nor does he otherwise undermine Progressive's review of Pennsylvania law related to specific performance (*see* Doc. 6 at 17). Further, Winslow does not indicate that he seeks anything other than money damages with Count V for specific performance. Therefore, the Court concludes that Winslow's conclusory assertions regarding this claim are insufficient to defeat dismissal. Based on the legal framework set out above, leave to amend this claim is not warranted as amendment would be futile. *Grayson*, 293 F.3d at 108.

**5.     Unjust Enrichment**

Defendant contends Winslow's claim for unjust enrichment must be dismissed because unjust enrichment does not apply when the relationship between the parties is based on a written contract. (Doc. 6 at 18.) Winslow responds that he proffers sufficient facts to proceed on this claim. (Doc. 19 at 22.) The Court concludes the

claim is properly dismissed.

As stated in *Third Nat'l Bank & Trust Co. of Scranton v. Lehigh Valley Coal Co.*, 44 A.2d 571, 574 (Pa. 1945), "unjust enrichment . . . [is] a principle of quasicontract [and] is not applicable to agreements deliberately entered into by the parties." Under Pennsylvania law, no basis exists for an action of unjust enrichment when the plaintiff has a direct contractual relationship with the defendant insurance company. *Benefit Trust Life Ins. Co. v. Union Nat. Bank of Pittsburgh*, 776 F.2d 1174, 1177 (3d Cir. 1985).

Here Winslow has a direct contractual relationship with Progressive. This relationship precludes a claim of unjust enrichment. *Id.* (citations omitted). Therefore, this claim is properly dismissed and leave to amend is not warranted because amendment would be futile. *Grayson*, 293 F.3d at 108.

**6.** **Attorney Fees**

Finally, Progressive asserts that Winslow's request for attorney fees in his breach of contract claim should be stricken because attorney fees are not available in a breach of contract claim absent express statutory authorization, clear agreement between the parties, or a clear exception, and Winslow has not identified any such circumstance. (Doc. 6 at 19.) Plaintiff does not respond to this argument. Therefore,

22

his request for attorney fees is stricken from Count I for breach of contract.

### III. Conclusion

For the reasons set out above, Progressive's Motion to Dismiss (Doc. 5) will be granted.  An appropriate order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  December 12, 2018.